RECEIVED

NOV 0 7 2013

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

JERRY CAMPBELL, SR.,
KAREN CAMPBELL
    Plaintiffs.

                          Case No.  5:13-CV-785-D

-v-

WELLS FARGO BANK, NA,
WELLS FARGO BANK, N.A. PERSONAL CREDIT MANAGEMENT,
KATHLEEN B. KING, V.P. WELLS FARGO BANK
    Defendants.

### COMPLAINT

    Plaintiffs, Jerry Campbell, Sr. and Karen Campbell, hereby sues Defendants, WELLS FARGO BANK, NATIONAL ASSOCIATION (Wells Fargo Bank), WELLS FARGO BANK, NATIONAL ASSOCIATION PERSONAL CREDIT MANAGEMENT (Personal Credit Management) and KATHLEEN B. KING, V.P. of WELLS FARGO BANK, NATIONAL ASSOCIATION (Kathleen B. King/Ms. King), a foreign entity; and a South Dakota Corporation; alleges:

### PRELIMINARY STATEMENT

    1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*.; for damages for violations of the North Carolina Debt Collection Act (NCDCA), N.C.G.S. § 75-50 (3); and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

    2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

    3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

    4. This is an action for damages which exceed $100,000.00.

    5. Plaintiffs, Jerry Campbell, Sr. and Karen Campbell, are natural persons and are residents of the State of North Carolina.

    6. Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION ("Wells Fargo Bank"), a foreign entity unknown.

7. Defendant Wells Fargo Bank and Personal Credit Management is a South Dakota Corporation, authorized to do business in North Carolina of which Kathleen B. King is an employee.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. On September 11, 2011, Plaintiffs attempted to make an on-line payment to Wachovia Bank, N.A., on account ending in 8792, as was their usual form of payment each month for a number of years. Plaintiffs discovered on that day, that they were unable to make this payment transfer from the checking account to the ICR account (8792), as usual, due to the fact that the ICR account (#8792) had been transferred to Wells Fargo Bank. Plaintiffs had not been made aware by either bank that this transfer of the ICR account had been completed. The checking account however had not yet been transferred to Wells Fargo Bank at that time. This left Plaintiffs in a situation where the normal monthly payment could not be made prior to the payment due date expiring because of the intervention of the banks by transferring the ICR account, but failing to transfer the checking account to Wells Fargo Bank. Upon contacting both banks that same day, Plaintiff was informed that it was not possible to process the usual on-line payment due to the banks intergration process interrupting this process, which was beyond Plaintiffs control. Plaintiffs were assured by both banks that any "late fee" assessed would be waived due to the banks intergration activities that caused this disruption in Plaintiffs payment being processed. Plaintiffs waited for the checking account to be transferred to Wells Fargo Bank, however, when this did not occur as was indicated by Wachovia and Wells Fargo Banks, Plaintiffs physically visited Wells Fargo Bank and made the regular monthly payment in order that this payment would not run 30 days past the due date as Plaintiffs had regularly made monthly payments on or before the due dates. Plaintiffs noticed that each month thereafter, no late fees were waived as promised and the late fees kept accruing. Plaintiffs spoke with several Wells Fargo Bank employees regarding this matter and were told it would be taken care of. Finally, Plaintiffs ask for upper level management contact information and were given the contact information for Mr. Chad Bui. Mr. Bui indicated that he would do a thorough investigation on the account and get back with Plaintiffs. After some lengthy time, Plaintiffs contacted Mr. Bui again. Mr. Bui indicated that he had in fact not done the investigation and that Plaintiffs had "let this situation go on." Plaintiffs requested another contact for upper level management and was given an email for Ms. Kathleen King, Maureen Breneman and Tammy I Rouse. Plaintiffs emailed Ms. King in April and in May of 2012 (exhibit 1 & 2) and requested her assistance in resolving this matter, but received no response from Ms. King whatsoever. In June of 2012, Plaintiffs received a letter from Wells Fargo Bank Personal Credit Management indicating that the account ending in 8792 had been canceled because of Plaintiffs' "continued delinquency." (exhibit 3) Personal Credit Management began collection activities which included phone calls and threatening letters. Although Plaintiffs have continued making regular timely payments at the bank, Plaintiffs discovered that this account was being reported to others and credit reporting agencies as an "outstanding balance on a closed account" as well as "in

collections". Plaintiffs inquired and were referred to Mr. Jack Clayton in Wells Fargo Bank's Regional Office. (exhibit 4) Mr. Clayton contacted Ms. King who finally contacted the Plaintiffs. (exhibit 5) Ms. King gave no explanation as to why she did not respond to Plaintiffs initial and earlier request for assistance. After some time, Ms. King eventually reversed all but one of the illegitimate late fees. (exhibit 6) When challenged on this late fee again, Ms. King finally had the final late fee reversed. (exhibit 7) Plaintiffs also requested that the account ending in 8792 be reinstated because it was only closed due to Wells Fargo Bank and Kathleen B. King's negligence to Plaintiffs' request for assistance in a matter that arose because of "bank error" and not due to Plaintiff's "continued delinquency" as indicated by Wells Fargo Bank Personal Credit Management's letter to Plaintiffs. Ms. King indicated that due to the fact that "Credit accounts are governed by strict guidelines" she could not reopen the account and refused to do so. Plaintiffs requested a copy of these guidelines that Ms. King referenced, but were never given a copy of those guidelines. (exhibit 8)

10. Some time after the account was closed, Defendants Wells Fargo Bank began reporting false information about the account to the credit reporting agencies, Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were reported through the credit reporting agencies. Defendant Wells Fargo Bank repeatedly failed to conduct a proper and thorough investigation of Plaintiff's disputes and until recently failed to inform the credit reporting agencies that the account is in dispute.

11. At the time the account was closed, Ms. King indicated that Plaintiffs pay a minimum payment of $130 on or before November 11, 2012, without proper explanation of the accounting that would justify this payment. Ms. King indicated that the regular payment would be $91.00 per month. If Plaintiff did not pay this unidentified $130 payment by November 11, 2012, Ms. King indicated that the account would be accessed late fees once again that would compound if not paid. (exhibit 9) Plaintiff was never given any accounting of these figures as requested by Plaintiffs. Under duress and dispute, Plaintiffs did in fact pay $130.00 on November 10, 2012 as the evidence will show. (exhibit 10) However, all of this information communicated by Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King was incorrect and misleading as Plaintiffs' statements will show. Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King has never provided to Plaintiffs an accounting of the alleged debt that justified a payment of $130.00 nor any contract or other legal justification for attempting to collect it.

12. Plaintiffs contend that the illegal actions of Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King, have harmed the Plaintiffs, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, duress, emotional distress and a loss of reputation and expenditures for fees and costs.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS WELLS FARGO BANK, NA and WELLS FARGO BANK, NA
## PERSONAL CREDIT MANAGEMENT

13. Paragraphs 1 through 12 are realleged as though fully set forth herein.

14. Plaintiffs are consumers within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

15. Defendant WELLS FARGO BANK, NA and WELLS FARGO BANK PERSONAL CREDIT MANAGEMENT are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and N.C.G.S. § 75-50 (3).

16. Defendant WELLS FARGO BANK, NA violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendants WELLS FARGO BANK, Wells Fargo Personal Credit Management and Kathleen B. King violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) Defendants WELLS FARGO BANK, Personal Credit Management and Kathleen B. King violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

(c) Defendants WELLS FARGO BANK, NA and Wells Fargo Personal Credit Management violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(d) Defendants WELLS FARGO BANK, Personal Credit Management and Kathleen B. King violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(f) Defendants Wells Fargo Bank, NA and Wells Fargo Personal Credit Management violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiffs a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Wells Fargo Bank, Personal Credit Management and Kathleen B. King for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF NORTH CAROLINA DEBT COLLECTION ACT

## BY DEFENDANTS WELLS FARGO BANK, NA, WELLS FARGO BANK, NA PERSONAL CREDIT MANAGEMENT and KATHLEEN B. KING, V.P. WELLS FARGO BANK, NA

17. Paragraphs 1 through 12 are realleged as though fully set forth herein.

18. Plaintiffs are consumers within the meaning of the NCDCA, NC. Stat. §58 70 95.4(2).

19. Defendant Wells Fargo Bank, NA is a creditor within the meaning of the NCDCA, N.C.G.S. § 75-50(3). Defendant Wells Fargo Bank, NA Personal Credit Management is a debt collector within the meaning of the NCDCA and N.C.G.S. § 75-50(3).

20. Defendants Wells Fargo Bank, NA and Wells Fargo Bank, NA Personal Credit Management violated the NCDCA. Defendants' violations include, but are not limited to, the following:

    (a) Defendants Wells Fargo Bank, NA and Personal Credit Management violated NC. Stat. N.C.G.S. § 75-50 by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

    (b) Defendants Wells Fargo Bank, Personal Credit Management and Kathleen B. King violated NC. Stat. § 58 70 95.3 by Making or threatening to make false accusations to another person, including any credit reporting agency, that a consumer has not paid, or has willfully refused to pay a just debt;

    (c) Defendants Wells Fargo Bank, Personal Credit Management and Kathleen B. King violated N.C.G.S.§ 75-55.2 (2) by collecting or attempting to collect from the consumer all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Wells Fargo Bank, Personal Credit Management and Kathleen B. King for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to N.C.G.S. § 75-50.

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS WELLS FARGO BANK, NA, WELLS FARGO BANK, NA PERSONAL CREDIT MANAGEMENT and KATHLEEN B. KING, V.P. WELLS FARGO BANK, NA

21. Paragraphs 1 through 12 are realleged as though fully set forth herein.

22. Plaintiffs are consumers within the meaning of the FCRA, 15 U.S.C. §1681a(c).

23. Defendants Wells Fargo Bank, NA and Wells Fargo Bank, NA Personal Credit Management are furnishers of information within the meaning of the FCRA, 15 U.S.C.§1681s-2.

24. Defendants Wells Fargo Bank, Personal Credit Management and Kathleen B. King willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:
    (a) Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
    (b) Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King willfully violated 15 U.S.C. §1681s-2(b)(1)(a) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.
    (c) Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King willfully violated 15 U.S.C. §1681s-2(b)(b) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.
    (d) Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King willfully violated 15 U.S.C. §1681s-2(b)(c) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Wells Fargo Bank, Personal Credit Management and Kathleen B. King for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT IV
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANTS
## WELLS FARGO BANK AND WELLS FARGO BANK PERSONAL CREDIT
## MANAGEMENT

25. Paragraphs 1 through 12 are realleged as though fully set forth herein.

26. Plaintiffs are consumers within the meaning of the FCRA, 15 U.S.C. §1681a(c).

27. Defendants Wells Fargo Bank and Wells Fargo Bank Personal Credit Management are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

28. Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management negligently and Kathleen B. King violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendants Wells Fargo Bank and Wells Fargo Bank Personal Credit Management negligently violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King negligently violated 15 U.S.C. §1681s-2(b)(1)(a) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King negligently violated 15U.S.C. §1681s-2(b)(b) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King negligently violated 15U.S.C. §1681s-2(b)(c) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Wells Fargo Bank, Wells Fargo Bank Personal Credit Management and Kathleen B. King for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of law.

Dated: November 07, 2013

Respectfully submitted,

Jerry Campbell, Sr.
8836 Campfire Trail
Raleigh, NC
(919) 327-2169

Karen Campbell
8836 Campfire Trail
Raleigh, NC
(919) 327-2169

# CERTIFICATE of SERVICE

We, Jerry Campbell, Sr. and Karen Campbell do hereby certify that the foregoing or attached document was service on all parties of record by First Class mail and/or hand delivering a copy thereof to their Registered Agent/counsel of record at the addresses indicated in accordance with rule 5 of the Federal Rules of Civil Procedure, on this _____ Day of November 2013.

Served:

**Wells Fargo Bank, National Association**
c/o Registered Agent, Corporation Service Company
327 Hillsborough Street
Raleigh, North Carolina 27603

**Wells Fargo Personal Credit Management**
c/o Registered Agent, Corporation Service Company
327 Hillsborough Street
Raleigh, North Carolina 27603

**Kathleen B. King, V.P., Wells Fargo Bank, National Association**
c/o Registered Agent, Corporation Service Company
327 Hillsborough Street
Raleigh, North Carolina 27603

_____
Jerry Campbell, Sr.

_____
Karen Campbell