IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-785-D

| | |
|---|---|
| JERRY CAMPBELL, SR., and KAREN CAMPBELL, Plaintiffs, v. WELLS FARGO BANK, N.A., et al., Defendants. | **ORDER** |

On November 7, 2013, Jerry Campbell, Sr., and Karen Campbell ("Campbells" or "plaintiffs") sought leave to proceed in forma pauperis and to file a pro se complaint against Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Personal Credit Management ("Wells Fargo PCM"), and Kathleen King (a Wells Fargo vice president) (collectively "defendants"). See [D.E. 1]; Compl. [D.E. 12]. On April 4, 2014, plaintiffs filed the complaint [D.E. 12]. In the complaint, plaintiffs seek damages for alleged violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. §§ 75-50–75-56, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. On April 24, 2014, plaintiffs filed their first amended complaint ("FAC") seeking damages under the same statutes, but adding Jack O. Clayton, regional president of Wells Fargo, as a defendant. See FAC [D.E. 19]. On April 25, 2014, without obtaining defendants' written consent or the court's leave under Federal Rule of Civil Procedure 15(a)(2), plaintiffs filed a second amended complaint ("SAC") seeking damages from the same four defendants under the FDCPA, the NCDCA, and the FCRA. See SAC [D.E. 20].

On May 26, 2014, defendants filed a motion to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). See [D.E. 26]. Defendants also filed a motion to strike the SAC under Rules 12(f) and 15(a)(2). See [D.E. 28]; Fed. R. Civ. P. 12(f), 15(a)(2). Alternatively, defendants asked the court to construe the SAC as a motion for leave to file the SAC and to deny as futile leave to plaintiffs to file the SAC. See [D.E. 28] 1. Plaintiffs responded [D.E. 39], and defendants replied [D.E. 41]. As explained below, the court grants defendants' motion to dismiss the FAC and denies as futile leave to plaintiffs to file the SAC.

I.

The Campbells are upset that, during the postmerger, corporate transition from Wachovia Bank to Wells Fargo, the bank's online payment system did not work properly and they could not make timely online payments on their Wachovia Bank line of credit. See FAC ¶ 9. As a result, Wells Fargo's records initially showed their account to be in arrears. In addition, Wells Fargo initially charged late fees, pursued collection efforts, and closed the line of credit. See id. ¶¶ 9–12. Ultimately, after numerous communications between the Campbells and Wells Fargo, Wells Fargo reversed the late fees and ceased collection efforts. Wells Fargo, however, did not allow the Campbells to reopen their line of credit. See id.

In moving to dismiss plaintiffs' FAC, defendants King and Clayton contend that plaintiffs never properly served them under Rule 4 of the Federal Rules of Civil Procedure and seek dismissal under Rule 12(b)(4) for "insufficient process" and Rule 12(b)(5) for "insufficient service of process." See Defs' Mem. [D.E. 27] 3–4; Fed. R. Civ. P. 12(b)(4), (5). Plaintiffs concede that they have no personal knowledge concerning whether and how King and Clayton were served. See Pls.' Resp. [D.E. 39] 6. Moreover, the record does not reflect proper service on these individuals. Cf. Fed. R. Civ. P. 4(e). Accordingly, plaintiffs have failed to establish the validity of service under Rule 4 of

2

the Federal Rules of Civil Procedure. See, e.g., Pitts v. O'Geary, No. 5:13-CV-116-D, 2014 WL 229350, at *4–5 (E.D.N.C. Jan. 21, 2014) (unpublished), Pitts v. O'Geary, 914 F. Supp. 2d 729, 733–34 (E.D.N.C. 2012); Thomas v. Green Point Mortg. Funding, No. 5:11-CV-365-D, 2011 WL 2457835, at *1 (E.D.N.C. June 16, 2011) (unpublished); Cherry v. Spence, 249 F.R.D. 226, 228–29 (E.D.N.C. 2008). Thus, the court dismisses the FAC against King and Clayton without prejudice pursuant to Rule 12(b)(4) and 12(b)(5).

The two remaining corporate defendants, Wells Fargo and Wells Fargo PCM, seek dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79.

The legal sufficiency of a complaint depends, in part, on whether it meets the standards for a pleading stated in Federal Rule of Civil Procedure 8. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) aims to ensure that the defendant has adequate notice of the nature of the claims against it. See, e.g., Francis, 588 F.3d at 192.

3

As for a complaint's factual sufficiency, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[N]aked assertions of wrongdoing," devoid of "factual enhancement," cannot "cross the line between possibility and plausibility of entitlement to relief." Francis, 588 F.3d at 193 (quotations omitted). A plaintiff armed with nothing more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," cannot proceed into the litigation process. Twombly, 550 U.S. at 555; see Francis, 588 F.3d at 193.

Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. See Iqbal, 556 U.S. at 678; Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

In count one, plaintiffs allege that defendants violated the FDCPA. See FAC ¶¶ 13–16. To state a claim under the FDCPA, plaintiffs must plausibly allege that (1) they were the object of collection activity arising from consumer debt as defined in the FDCPA; (2) defendants are debt collectors as defined in the FCDPA; and (3) defendants engaged in an act or omission prohibited by the FDCPA. See, e.g., Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (per curiam) (unpublished); Salley v. Bank of Am., N.A., No. 5:13-CV-753-D, 2014 WL 2768660, at *4 (E.D.N.C. June 18, 2014) (unpublished); Johnson, 867 F. Supp. at 776.

4

Plaintiffs' FDCPA claim in count one fails because defendants, as the originator of the debt at issue, are not "debt collectors" under the FDCPA. See, e.g., 15 U.S.C. § 1692a(6)("The term 'debt collector' means any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); id. § 1692a(6)(F) ("The term ['debt collector'] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was originated by such person . . . ."); Wilson v. Draper & Golding, P.L.L.C., 443 F.3d 373, 379 n.2 (4th Cir. 2006); Montgomery v. Huntington Bank, 346 F.3d 693, 698–99 (6th Cir. 2003); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); Salley, 2014 WL 2768660, at *4; Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 717 (E.D. Va. 2003). Accordingly, the court dismisses count one for failure to state a claim upon which relief can be granted.

In count two, plaintiffs confuse two different statutes: the Collection Agencies Act, N.C. Gen. Stat. §§ 58-70–58-70-155, and the North Carolina Debt Collection Act, N.C. Gen. Stat. §§ 75-50–75-56. See FAC ¶¶ 17–20. Under the Collection Agencies Act, neither Wells Fargo nor Wells Fargo PCM is a "collection agency" as defined in N.C. Gen. Stat. § 58-70-15(c). See N.C. Gen. Stat. § 58-70-15(c)(2) ('Collection agency' does not mean Banks, trust companies, or bank-owned, controlled or related firms, corporations or associations engaged in accounting, bookkeeping or data processing services where a primary component of such service is the rendering of statements of accounts and bookkeeping services for creditors."); id. § 58-70-15(c)(11) ('Collection agency' does not mean any person attempting to collect or collecting claims, in that person's name, of a business or businesses owned wholly or substantially by that person."). Accordingly, in count two, plaintiffs have failed to state a claim upon which relief can be granted under the Collection Agencies Act against any defendant.

5

As for plaintiffs' claim in count two under the NCDCA, to state a claim a plaintiff must plausibly allege that (1) the alleged obligation is a "debt"; (2) the claimant owing the obligation is a "consumer"; and (3) the party attempting to collect the obligation is a "debt collector." Fritz v. Duke Energy Carolinas, LLC, No. 5:13-CV-724-D, 2014 WL 3721373, at *3 (E.D.N.C. July 24, 2014) (unpublished); DIRECTV, Inc. v. Cephas, 294 F. Supp. 2d 760, 763 (M.D.N.C. 2003); Davis Lake Cmty. Ass'n v. Feldmann, 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000); Reid v. Ayers, 138 N.C. App. 261, 263, 531 S.E.2d 231, 233 (2000); see N.C. Gen. Stat. § 75-50 (defining "consumer," "debt," and "debt collector"). After satisfying these threshold requirements, a plaintiff also must plausibly allege the general elements of an unfair and deceptive trade practices claim under North Carolina law: an unfair act, in or affecting commerce, proximately causing injury. See, e.g., Ross v. FDIC, 625 F.3d 808, 817 (4th Cir. 2010); Fritz, 2014 WL 3721373, at *3; Feldmann, 138 N.C. App. at 296, 530 S.E.2d at 868; Reid, 138 N.C. App. at 265–66, 531 S.E.2d 234–35.

The court assumes without deciding that plaintiffs have plausibly alleged in count two the NCDCA's three threshold requirements. Thus, the court examines whether plaintiffs have plausibly alleged in count two the three elements of an unfair and deceptive trade practices claim.

First, in count two, plaintiffs allege that defendants violated N.C. Gen. Stat. § 75-53 "by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without reasonably disclosing that fact." FAC ¶ 20(a).[1] Plaintiffs also allege without elaboration that defendants reported false information to "the credit reporting agencies." Id. ¶ 10. However, section 75-53(1)(b) exempts communications "[t]o persons employed by the debt collector, to a credit reporting agency, to a person or business employed to collect the debt on behalf

---

[1] Plaintiffs cite section 75-50 in paragraph 20(a) of the FAC; however, the citation appears to be a typographical error. The only possible section that applies in paragraph 20(a) of the FAC is section 75-53.

6

of the creditor, or to a person who makes a legitimate request for the information." N.C. Gen. Stat. § 75-53(b)(1). Accordingly, section 75-53(1)(b) defeats plaintiffs' claim in count two under section 75-53.

Next, in count two, plaintiffs allege that defendants violated the Collection Agencies Act, N.C. Gen. Stat. § 58-70. See FAC ¶ 20(b). As explained, however, defendants are not collection agencies under that Act. See N.C. Gen. Stat. § 58-70-15(c)(2). Thus, the claim fails. Alternatively, under the NCDCA, defendants were permitted to communicate with credit reporting agencies. See N.C. Gen. Stat. § 75-53(1)(b). Moreover, and in any event, the correspondence from the defendants to plaintiffs attached to the FAC does not include any threats or anything deceptive. See FAC Exs. 3, 11; cf. Fritz, 2014 WL 3721373, at *4.

Finally, in count two, plaintiffs allege that defendants violated the NCDCA by unconscionably collecting fees associated with the debt. See FAC ¶ 20(c); N.C. Gen. Stat. § 75-55(2). The FAC, however, states that defendants reversed all fees once defendants completed their account investigation. See FAC ¶ 9. Thus, plaintiffs have failed to plausibly allege that defendants used unconscionable means under section 75-55(2) to collect a debt. Cf. Costin v. Ally Bank Corp., No. 7:13-CV-113-BO, 2014 WL 130527, at *2 (E.D.N.C. Jan. 13, 2014)(unpublished). Accordingly, plaintiffs have failed to state a claim upon which relief can be granted in count two.

In their third and fourth claims, plaintiffs allege that defendants violated 15 U.S.C. §§ 1681s-2(a) and 1681s-2(b)(1) of the FCRA. See FAC ¶¶ 21–28. Specifically, plaintiffs allege that defendants are furnishers of information under 15 U.S.C. § 1681s-2. See FAC ¶ 23. Plaintiffs then allege that defendants violated section 1681s-2(a)(3) and section 1681s-2(b)(1)(A)–(C), and they seek damages. See FAC ¶¶ 24(a)–(d), 28(a)–(d). Count three alleges a willful violation. See id. ¶¶ 21–24. Count four alleges a negligent violation. See id. ¶¶ 25–28.

7

In order to analyze the claims in counts three and four, the court begins with the statutory language. Section 1681s-2(a) states, in part:

> (a) Duty of furnishers of information to provide accurate information
>
> (1) Prohibition
>
> (A) Reporting information with actual knowledge of errors
>
> A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
>
> (B) Reporting information after notice and confirmation of errors
>
> A person shall not furnish information relating to a consumer to any consumer reporting agency if--
> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
> (ii) the information is, in fact, inaccurate.
>
> (C) No address requirement
>
> A person who clearly and conspicuously specifies to the consumer an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A); however, nothing in subparagraph (B) shall require a person to specify such an address.
>
> (D) Definition
>
> For purposes of subparagraph (A), the term "reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information. . . .
>
> (3) Duty to provide notice of dispute
>
> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

15 U.S.C. § 1681s-2(a)(1), (3).

Section 1681s-2(b)(1) states:

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall —
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

8

(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly —
   (i) modify that item of information;
   (ii) delete that item of information; or
   (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

The FCRA does not define "furnishers of information." Ross v. Wash. Mut. Bank, 566 F. Supp. 2d 468, 475 n.1 (E.D.N.C. 2008), aff'd, 625 F.3d 808 (4th Cir. 2010). The court assumes without deciding that defendants are "furnishers of information."

As for plaintiffs' claims in counts three and four under section 1681s-2(a), there is no private right of action for violating 15 U.S.C. § 1681s-2(a). See, e.g., 15 U.S.C. § 1681s-2(c)(1), (d); Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008); Craighead v. Nissan Motor Acceptance Corp., No. 1:10CV981 (JCC/JFA), 2010 WL 5178831, at *4 (E.D.Va. Dec. 14, 2010) (unpublished), aff'd, 425 Fed. App'x 197 (4th Cir. 2011) (per curiam) (unpublished); accord Longman v. Wachovia Bank, N.A., 702 F.3d 148, 151 (2d Cir. 2012) (per curiam); Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 615–16 (6th Cir. 2012); Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012); Purcell v. Bank of Am., 659 F.3d 622, 623 (7th Cir. 2011); SimmParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Thus, the court dismisses plaintiffs' claims in counts three and four under section 1681s-2(a).

9

As for plaintiffs' claims in counts three and four under 1681s-2(b)(1), in order to state a claim, a plaintiff must plausibly allege

> [T]hat after he or she notified a consumer reporting agency of a dispute, the agency notified the defendant furnisher of the information of the dispute, after which defendant failed to adequately investigate; notice by a consumer directly to the furnisher of the information does not trigger the furnisher's duties under section 1681s-2(b).

Craighead, 2010 WL 5178831, at *4 (emphasis omitted); see Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 32 (1st Cir. 2010); Gorman, 584 F.3d at 1154; Saunders, 526 F.3d at 148; Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004).

In counts three and four, plaintiffs have failed to plausibly allege a violation of section 1682s-2(b)(1). Although plaintiffs are upset about defendants' customer service, plaintiffs have not plausibly alleged in the FAC that they notified a consumer reporting agency of a dispute about their line of credit account with Wachovia or Wells Fargo, that the consumer reporting agency notified defendants of the dispute, and that defendant thereafter failed to adequately investigate the dispute. Accordingly, plaintiffs have failed to state a claim upon which relief can be granted under section 1682s-2(b)(1). See, e.g., Merritt v. Experian, 560 F. App'x 525, 529 (6th Cir. 2014) (unpublished); Nawab v. Unifund CCR Partners, 553 F. App'x 856, 860–61 (11th Cir. 2013) (per curiam) (unpublished); Longman, 702 F.3d at 150–51; Boggio, 696 F.3d at 614–15; SimmsParris, 652 F.3d at 358–59; Ross, 625 F.3d at 813; Chiang v. MBNA, 620 F.3d 30, 30–33 (1st Cir. 2010); Gorman, 584 F.3d at 1154; Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639–40 (5th Cir. 2002); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1060 (9th Cir. 2002); Craighead, 2010 WL 5178831, at *4.

In opposing defendants' motion to dismiss their claims under section 1691s-2(b)(1), plaintiffs attached correspondence to their brief in opposition to the motion to dismiss. See Pls.' Resp. 8 &

10

Attachs. According to plaintiffs, the correspondence reflects that they did correspond with consumer reporting agencies about the line of credit and thereby complied with the prerequisite of section 1681s-2(b)(1). See id.

Plaintiffs may not use their brief in opposition to defendants' motion to dismiss to amend their FAC. See, e.g., Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 542 (E.D.N.C. 2008); accord Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 617 (4th Cir. 2009); Tucker v. Union of Needletrades, Indus., & Textile Emps., 407 F.3d 784, 788 (6th Cir. 2005); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam); Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996); Swann v. Source One Staffing Solutions, No. 5:09-CV-271-D, 2011 WL 761479, at *10 (E.D.N.C. Feb. 24, 2011) (unpublished). Accordingly, the court need not address defendants' reply in which defendants argue that plaintiffs' alleged correspondence with the consumer reporting agencies does not satisfy section 1681s-2(b)'s requirement because the nature of the reported dispute differs from the dispute in the instant action. See Defs.' Reply [D.E. 41] 5–6.

Finally, the court addresses defendants' motion to strike plaintiffs' SAC. [D.E. 28]. In support of their motion, defendants cite Rule 12(f) and Rule 15(a)(2) and note that plaintiffs never obtained leave of the court or defendants' consent before filing the SAC. See [D.E. 29] 2–3.

The court need not address defendants' motion to strike. Rather, the court construes the SAC as a motion for leave to file the SAC, and considers whether permitting plaintiffs to file the SAC is futile. See, e.g., United States ex rel. Ahumada v. NISH, 756 F.3d 268, 282 (4th Cir. 2014) (court need not permit filing of amended complaint where the amended complaint would fail to state a claim).

11

In the SAC, plaintiffs restate the claims in their FAC and purport to add a new count three, which alleges a violation of N.C. Gen. Stat. § 58-70-110(2). See SAC ¶ 24. The claim fails, however, because defendants are not "collection agencies" under N.C. Gen. Stat. § 58-70-15(c)(2).

In the SAC, plaintiffs also add a new allegation in count four that defendant "Wells Fargo Bank, N.A. willfully violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose" under 15 U.S.C. § 1681b. See SAC ¶ 28(e). Specifically, plaintiffs allege that Wells Fargo obtained Karen Campbell's credit report on or about January 31, 2013, and thereby violated section 1681b(f). See SAC ¶ 10.

Section 1681b(f) states: "A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f). Section 1681b(a) permits a consumer reporting agency to provide a consumer report to another for certain legitimate business purposes, including "in connection with a credit transaction involving the consumer" or "in connection with a business transaction that is initiated by the consumer." See 15 U.S.C. § 1681b(a)(3)(A), (F)(i). In light of plaintiffs' other allegations in the SAC, defendants permissibly obtained Karen Campbell's credit report, and plaintiffs' claim under section 1681b(f) fails. See, e.g., Merritt, 560 F. App'x at 528; Norman v. RJM Acquisitions, L.L.C., 518 F. App'x 288, 289 (5th Cir. 2013) (per curiam) (unpublished); Norman v. Northland Grp., Inc., 495 F. App'x 425, 426–27 (5th Cir. 2012) (per curiam) (unpublished); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011); Thomas v. U.S. Bank, N.A., 325 F. App'x 592, 593 (9th Cir. 2009) (unpublished); Hollomon v. Smith Debnam Narron Drake Saintsing & Myers, LLP, No. 1:14-CV31, 2014 WL 1225330, at *2–3 (M.D.N.C. Mar. 25, 2014) (unpublished) (collecting cases);

12

Boston v. Client Servs. of Mo., Inc., No. 3:13CV184, 2013 WL 5925902, at *2 (W.D.N.C. Nov. 1, 2013) (unpublished); Gibbons v. GC Servs., LLC, No. 5:13-CV-84-BO, 2013 WL 5371620, at *2 (E.D.N.C. Sept. 24, 2013) (unpublished); Bentley v. Alan Vester Auto Grp., Inc., No. 5:07-CV-434-F, 2009 WL 3125539, at *2 (E.D.N.C. Sept. 29, 2009) (unpublished).[2]

II.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 26] and DISMISSES plaintiffs' first amended complaint without prejudice. The court DENIES defendants' motion to strike plaintiffs' second amended complaint [D.E. 28], but GRANTS defendants' motion to treat plaintiffs' second amended complaint as a motion for leave to file the second amended complaint [D.E. 28], and DENIES as futile leave to file the second amended complaint.

SO ORDERED. This 22 day of October 2014.

JAMES C. DEVER III
Chief United States District Judge

---

[2] Even if plaintiffs properly served King and Clayton, their claims against King and Clayton would fails under Rule 12(b)(6) for same reasons that those claims fails against Wells Fargo and Wells Fargo PCM.

13